UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANNY DAVIS,

                Plaintiff,                               Case No. 15-cv-11958

                                                       Paul D. Borman
v.                                             United States District Judge

                                                       Stephanie Dawkins Davis
U.S. SECURITY ASSOCIATES, INC.,                    United States Magistrate
                                                      Judge

                Defendant.

_____/

OPINION AND ORDER
(1) DENYING DEFENDANT'S MOTION FOR RECONSIDERATION (ECF NO. 46),
(2) CLARIFYING THE COURT'S NOVEMBER 16, 2016 ORDER AND
(3) GRANTING DEFENDANT'S REQUEST TO FILE
A SECOND SUMMARY JUDGMENT MOTION

On November 16, 2016, this Court issued an Opinion and Order denying Defendant's motion for summary judgment because Defendant sought dismissal of Plaintiff's "one count Complaint of retaliatory discharge" and asked for judgment in Defendant's favor on the sole ground that Plaintiff failed to state a Title VII "participation claim." ECF No. 42, Opinion and Order. Because the Defendant's motion did not also seek summary judgment on Plaintiff's Title VII "opposition claim," and because the motion was not one for partial summary judgment but rather sought dismissal of Plaintiff's entire "one count Complaint," the Court denied the motion and the relief requested. To clarify the Court's November 16, 2016 Opinion and Order, the Court did dismiss Plaintiff's Title VII "participation claim," but denied Defendant's motion for entry of summary judgment in its favor and denied the requested dismissal of Plaintiff's Complaint.

1

The Court DENIES Defendant's motion for reconsideration of the Court's November 16, 2016 Opinion and Order. "A motion for reconsideration is governed by the local rules in the Eastern District of Michigan, which provide that the movant must show both that there is a palpable defect in the opinion and that correcting the defect will result in a different disposition of the case." *Indah v. U.S. S.E.C.*, 661 F.3d 914, 924 (6th Cir. 2011). Eastern District of Michigan Local Rule LR 7.1(h)(3) provides in pertinent part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(h)(3). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001). "A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted." *Ford Motor Co. v. Greatdomains.Com, Inc.*, 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001). "A motion for reconsideration should not be used liberally to get a second bite at the apple, but should be used sparingly to correct actual defects in the court's opinion." *Oswald v. BAE Industries, Inc.*, No. 10-cv-12660, 2010 WL 5464271, at *1 (E.D. Mich. Dec. 30, 2010). *See also Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010) ("It is an exception to the norm for the Court to grant a motion for reconsideration. . . . [A]bsent a significant error that changes the outcome of a ruling on a motion, the Court will not provide a party with an opportunity to relitigate issues already decided."). "[A] motion for reconsideration is not properly used as a vehicle to re-hash old

arguments or to advance positions that could have been argued earlier but were not." *Smith v. Mount Pleasant Public Schools*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003). *See also Allen v. Henry Ford Health Sys.*, No. 08-14106, 2010 WL 653253, at *1 (E.D. Mich. Feb. 19, 2010) (holding that motions for reconsideration do not permit a party to "to raise new legal theories that should have been raised earlier" or "attempt to supplement the record with previously available evidence").

The Sixth Circuit has affirmed these standards, which govern the Court's consideration of Plaintiff's motion for reconsideration:

> It is well-settled that "parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued." *Roger Miller Music, Inc. v. Sony/ATV Publ'g*, 477 F.3d 383, 395 (6th Cir. 2007). Additionally, reconsideration motions cannot be used as an opportunity to re-argue a case. Furthermore, a party may not introduce evidence for the first time in a motion for reconsideration where that evidence could have been presented earlier.

*Bank of Ann Arbor v. Everest Nat. Ins. Co.*, 563 F. App'x 473, 476 (6th Cir. 2014).

Defendant's motion for reconsideration merely re-argues its position, which the Court rejected in its November 16, 2016 Opinion and Order, that Plaintiff's Complaint did not plead the necessary elements of a *prima facie* Title VII opposition claim so that, Defendant alleges, it was not on notice that such a claim was at issue in this litigation. In fact, Defendant's motion for reconsideration reads more like a motion for summary judgment, which of course Defendant did not file in this action with respect to Plaintiff's Title VII opposition claim. Defendant has cited no palpable defect in the Court's ruling that Plaintiff's Complaint plausibly suggests the reasonable inference of a Title VII opposition claim. A complaint need only plead "sufficient factual matter, which we must accept as true, to 'state a claim to relief that is plausible on its face' meaning that we can draw the reasonable inference that the defendant is liable for the misconduct alleged." *Currier*

*v. First Resolution Inv. Corp.*, 762 F.3d 529, 533 (6th Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Importantly here, as the Sixth Circuit has acknowledged, "the Supreme Court [has] unanimously held that the *prima facie* case under *McDonnell Douglas*[1] is an evidentiary standard, not a pleading requirement [and that] . . . it is not appropriate to require a plaintiff to plead facts establishing a *prima facie* case . . . ." *Keys v. Humana, Inc.*, 684 F.3d 605, 609 (6th Cir. 2012).  A complaint need only "allege sufficient 'factual content' from which a court, informed by its 'judicial experience and common sense,' could 'draw the reasonable inference,'" that Defendant engaged in conduct that violates Title VII.  *Keys*, 684 F.3d at 610 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 679 (2009)).

Plaintiff's Complaint passes this threshold here and plausibly suggests a Title VII opposition claim.  The allegations of the Complaint plausibly suggest the reasonable inference that Plaintiff engaged in protected activity by conveying information to the Defendant's investigator, and to the Defendant directly in the form of email communications, complaining of the allegedly sexually harassing conduct of Plaintiff's supervisor toward Plaintiff's female co-workers, *see* Complaint ¶¶ 7-12.  The Complaint further alleged that Plaintiff was immediately treated with hostility by that supervisor following Plaintiff's communication of this information and shortly thereafter terminated by that supervisor.  Of course knowledge of protected activity in a Title VII case can be established through circumstantial evidence and inferred from record evidence.  *See Scott v. Eastman Chem. Co.*, 275 F. App'x 466,  482 (6th Cir. 2008) ("Knowledge may be inferred from evidence in the record," and a plaintiff "'may survive summary judgment by producing circumstantial evidence to establish this element of her claim'") (quoting *Proffitt v. Metro. Gov't of Nashville & Davidson*

---

[1]  *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

*County*, 150 F. App'x. 439, 442–43 (6th Cir. 2005)).  Although Plaintiff was under no obligation to plead the elements of a *prima facie* Title VII case, the allegations of his Complaint are sufficient under the law of this Circuit to plausibly suggest the reasonable inference that Plaintiff engaged in protected activity, that the Defendant had knowledge of Plaintiff's protected activity and that Plaintiff thereafter suffered an adverse employment action.  The Court of course expresses no opinion on whether Plaintiff has met any evidentiary burden to support these allegations with record evidence.  But, as alleged, Plaintiff has supplied sufficient factual content to survive a pleading challenge on his Title VII opposition claim.

But of course, we are well past the motion to dismiss stage here and Defendant's plea that it "lacked notice" of Plaintiff's opposition claim at the time it filed its summary judgment motion is wholly disingenuous given the facts that were disclosed in this case during discovery, which clarified beyond question that Plaintiff was alleging an opposition claim.  Some of these facts are referenced by the Court in its November 16, 2016 Opinion and Order, and include Plaintiff's own deposition testimony explaining that he understood his "protected activity" to be (1) imparting information regarding his supervisor's sexually harassing conduct to the company investigator, whom Plaintiff in fact affirmatively sought out for a second meeting in an effort to provide even more detail regarding his supervisor's conduct, and (2) the letters and correspondence that Plaintiff and other employees "wrote to corporate reflecting our concerns over improper behavior that violated our policies and procedures."  ECF No. 30, Pl.'s Resp. Ex. 1, Davis Dep. 141:10-142:3. Surely Defendant could have, but did not, elect to challenge the evidentiary sufficiency of Plaintiff's opposition claim on summary judgment, and was precluded from doing so in a reply brief.  And the Court expresses no opinion now on the evidentiary sufficiency of such a claim.

Accordingly, the Court DENIES Defendant's motion for reconsideration of the Court's November 16, 2016 Opinion and Order.  However, the Court has concluded that in the interests of judicial economy, and considering the important role of summary judgment as a pretrial tool, the Court will GRANT Defendant's request for leave to file a second motion for summary judgment, based upon the existing record and limited to the issue of whether Plaintiff's Title VII opposition claim raises genuine issues of material fact for trial.

Defendant shall file its motion on or before **January 6, 2017**.  Plaintiff may file a Response and Defendant a Reply, all in accordance with the Eastern District of Michigan Local Rules governing the timing of responses and replies, and adhering in all respects with the page length and formatting rules for the filing of briefs.  *See* E.D. Mich. L.R. 5.1 and 7.1.

IT IS SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  December 2, 2016

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 2, 2016.

s/Deborah Tofil
Case Manager